**UNITED STATES of America**

v.

**Michael Lawrence KING et al.,
Defendants.**

**No. 72–154–Cr–J.**

United States District Court,
M. D. Florida,
Jacksonville Division.

Jan. 23, 1973.

Robert Yerkes, U. S. Atty., Jacksonville, Fla., for the United States.

Edward M. Booth, Jacksonville, Fla., for defendants.

### ORDER

TJOFLAT, District Judge.

This case is before the Court on the motion of defendant Richard L. Dodge for an order directing all of the government's witnesses to submit to an interview with defense counsel. Most of the witnesses are agents of the Federal Bureau of Narcotics and Dangerous Drugs. Some are undercover agents or have undercover agents under their supervision. Many are eye witnesses of the offenses

charged. Defendant has previously contacted the witnesses but all have replied that they would consent to an interview only if advised to do so by the United States Attorney. The United States Attorney has assumed a neutral position, neither advising the witnesses to speak with defense counsel nor requesting that they not do so. Defendant argues first that the United States Attorney's refusal to advise his witnesses to speak to opposing counsel is tantamount to directing them not to do so. While not arguing that the United States Attorney has actually violated the Rules of Ethics, defendant urges that his inaction is so close to such a violation that this Court should order him to give the requested advice. Alternatively, defense counsel argues that without the benefit of interviews with the government witnesses it is impossible for him to give his client meaningful advice as to the desirability of entering a plea of guilty or to adequately prepare for trial. Such a handicap, he argues, constitutes a violation of the right to due process of law as guaranteed by the Fifth Amendment to the Constitution of the United States. The government replies that the decision to talk with defense counsel is solely up to the discretion of the witness himself, and the obligation of the United States Attorney is only to refrain from encouraging the witnesses not to engage in such a conversation.

The government has represented to the Court that the witnesses have no exculpatory testimony to offer, and that there are no witnesses held in custody. There therefore is no issue over whether the witnesses should be made available under Brady v. State of Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), or that the United States Attorney has so restricted access to the witnesses that it is impossible for them to decide for themselves whether to grant an interview.

■ It is the opinion of the Court that the United States Attorney's refusal to direct his witness to consent to interviews is entirely proper. Merely refusing to direct the witnesses to communicate with opposing counsel is far short of affirmatively urging them not to communicate. So long as the United States Attorney leaves the decision up to the witnesses, this Court may not intervene. Further, the burden on the United States Attorney is not increased merely by a witness' statement that he will communicate only if directed to do so by the government attorney. In all probability the witnesses prefer not to speak under any conditions, but are willing to do so if it would in some way aid the United States Attorney in the preparation of the government's case. Under these circumstances, refusal on the part of the government attorney to give such a direction is proper.

■ It is also the opinion of the Court that, although the lack of information as to the government's case undoubtedly makes it difficult for defense counsel to advise his client and prepare for trial, the burden is not so great as to constitute a denial of the right to due process of law as guaranteeed by the Fifth Amendment, nor does it violate the rights to counsel and a fair trial guaranteed by the Sixth Amendment.